J. A10003/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
APPELLANT :
v. :
:
SANDARVA BARAL :
:
:
: No. 3645 EDA 2015

Appeal from the Order November 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007756-2013

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 09, 2017**

The Commonwealth appeals from the November 6, 2015 Order vacating the Judgment of Sentence entered against Sandarva Baral, Appellee. The trial court entered its order, granting a new trial on the basis of ineffective assistance of trial counsel, in response to Appellee's Post-Sentence Motion averring that the jury's verdict was against the weight of the evidence. On appeal, the Commonwealth argues that the trial court erred as a matter of law when it, *sua sponte*, converted Appellee's weight of the evidence claim into an ineffective assistance of counsel claim. After careful review, we agree and reverse the trial court's November 6, 2015 Order.

As the details of Appellee's underlying offense are irrelevant to our disposition, we briefly summarize the factual and procedural history of the

instant case as follows. On July 17, 2013, the Commonwealth charged Appellee with Rape by Forcible Compulsion, Aggravated Indecent Assault with Complainant less than 16 Years of Age, and Sexual Assault without Consent.[1] The charges stemmed from an incident in which Appellee sexually assaulted his 14-year-old coworker in the back office of the retail store in which Appellee and his victim were employed. The victim was wearing her elementary school uniform at the time Appellee assaulted her. The victim reported the assault to her parents that night, and they took her to the hospital, where semen and skin cells matching Appellee were recovered from the victim's vagina.

Appellee elected to proceed by way of a jury trial, where he was represented by John B. Elbert, Esquire. On November 10, 2014, a jury convicted Appellee of Aggravated Indecent Assault with Complainant less than 16 Years of Age and Sexual Assault without Consent. The jury acquitted Appellee of Rape by Forcible Compulsion. Following trial, Attorney Elbert withdrew his appearance in the instant case and Mary Maran, Esquire, entered her appearance on Appellee's behalf.

On July 9, 2015, the trial court sentenced Appellee to an aggregate term of three to six years of imprisonment, followed by five years of probation.

---

[1] 18 Pa.C.S. §§ 3121(a)(1), 3125(a)(8), and 3124.1, respectively.

On July 20, 2015, Appellee filed a timely Post-Sentence Motion, limited to the sole issue of whether the jury's verdict was against the weight of the evidence. Post-Sentence Motion, filed 7/20/15, at 2-3 (unpaginated).

On November 6, 2015, the trial court held a hearing on the Motion. Although the parties did not call witnesses or present evidence, Appellee's counsel did make representations suggesting that Attorney Elbert had been ill around the time of Appellee's trial, and that his performance at trial might have been lacking. Despite these representations about Attorney Elbert's performance, Attorney Maran repeatedly asserted that she was not raising an ineffective assistance of counsel claim and was only asking the trial court "to find that the verdict is against the weight of the evidence." N.T., 11/6/15, at 22. *See also id.* at 9, 16, 24.

At the close of the hearing, the trial court stated its intention to grant a new trial. *Id.* at 27. Although the trial court initially denied that it was granting a new trial on the basis of ineffective assistance of counsel, the trial court did state that it was "not convinced [that Appellee] got a fair trial, and, in part, that's because of his lawyer." *Id.* at 28.

The Commonwealth timely filed an appeal. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925. In its 1925(a) Opinion, the trial court clarified that it was, in fact, granting a new trial based on "[Appellee's] claim of inadequate representation[.]" Trial Court Opinion, filed 6/16/16, at 11.

On appeal, the Commonwealth raises one issue, divided into three sub-parts:

> Did the lower court err in vacating [Appellee's] convictions based on the supposed ineffective assistance of his trial counsel where [1] [Appellee] raised no ineffectiveness claim, [2] there was no evidence that counsel performed unreasonably, and [3] [Appellee] suffered no prejudice?

Commonwealth's Brief at 4 (numeric dividers added for ease of disposition).

The trial court granted Appellee a new trial based on its finding that "[Appellee's] claim of inadequate representation is meritorious and apparent from the record."[2]  Trial Court Opinion at 11.  The trial court cites **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), for the proposition that it had "discretionary power to entertain ineffective assistance of counsel claims in extraordinary circumstances" on direct review.  Trial Court Opinion at 4-5.

Generally, defendants should defer ineffective assistance of counsel claims until collateral review under the Post-Conviction Relief Act ("PCRA"). **Commonwealth v. Arrington**, 86 A.3d 831, 856 (Pa. 2014).  Our Supreme Court has recognized two exceptions to this general rule:

> First, [our Supreme Court] held that trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious, such that immediate consideration best serves the interest of justice.  Second [our Supreme Court] held that trial courts also have discretion to entertain prolix

---

[2] The trial court chose to use the term "inadequate" in lieu of "ineffective" "[o]ut of respect for [Attorney] Elbert[.]"  Trial Court Opinion at 5 n.1.

claims of ineffectiveness if there is a good cause shown and the unitary review thus permitted is accompanied by a knowing and express waiver by the defendant of the right to pursue a first PCRA petition.

*Id.* at 856-57. ***See also Holmes***, 79 A.3d at 577 (recognizing the possibility of "an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted.").

Although the trial court borrows language from ***Holmes*** and ***Arrington***, its reliance on these cases is misplaced. The exceptions recognized in ***Arrington*** authorize a trial court to "entertain" ineffectiveness claims that the defendant chooses to raise on direct appeal. In the instant case, however, there was nothing for the trial court to entertain, as **Appellee did not raise a claim of ineffective assistance of counsel**.[3]

Instead, in his Post-Sentence Motion, Appellee asked the trial court to consider whether the jury's verdict was against the weight of the evidence. Both parties appeared at the hearing prepared to address Appellee's weight of the evidence claim. Moreover, Appellee's counsel repeatedly disavowed that she was raising an ineffectiveness claim, telling the trial court that "this is not a PCRA, this is just whether or not the verdict is against the weight of the trial (sic) such that a new trial is called upon." N.T., 11/6/15, at 16.

---

[3] Nor did Appellant knowingly and expressly waive his right to pursue a first PCRA petition, as required under the second ***Arrington*** exception.

Despite Appellee's counsel's insistence that she was not raising an ineffectiveness claim, the trial court, nonetheless, granted a new trial on ineffectiveness grounds.

The question is, therefore, whether a trial court, ruling on a post-sentence motion, may *sua sponte* raise an ineffective assistance of counsel claim that the defendant himself has not raised. This issue "presents pure questions of law; therefore, our standard of review is *de novo,* and our scope of review is plenary." **Holmes**, 79 A.3d at 576.

After an exhaustive review of the relevant case law, we can find nothing that supports the trial court's *sua sponte* authority to convert a weight of the evidence claim, raised in a post-sentence motion, into an ineffective assistance of counsel claim. To the contrary, even where a petitioner does raise claims of ineffectiveness, this Court has held that the trial court may not act *sua sponte* to raise and rule on additional ineffectiveness claims. **Commonwealth v. Stewart**, 547 A.2d 1189, 1193 (Pa. Super. 1988) (finding that "[t]he trial court clearly erred in raising and deciding [a] claim of ineffectiveness on its own motion.").

There is good reason to bar trial courts from raising and addressing ineffectiveness claims *sua sponte*. First, neither Appellee nor the Commonwealth were on notice that they would be required to argue the merits of an ineffectiveness claim at the November 6, 2015 hearing. Where the defendant bears the burden of proof, a trial court risks unfairly setting a

defendant up for failure by forcing him to prosecute ineffectiveness claims unprepared.

Second, even valid ineffective assistance of counsel claims may run afoul of the PCRA's procedural bars. Once a claim of ineffective assistance of counsel has been litigated, a petitioner is barred from raising it in a subsequent petition. *See* 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under [the Post-Conviction Relief Act], the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been previously litigated or waived."). Thus, even a well-intending trial court may act to deprive a defendant permanently of the opportunity to present and litigate valid ineffectiveness claims by forcing him to proceed unprepared during his only opportunity to obtain relief.

There can be no better illustration of the dangers of this "previously litigated" bar than the instant case. Were we to review the merits of the instant ineffectiveness claim, we would reverse the trial court's order and conclude that Appellee failed to meet his burden of establishing a claim for ineffective assistance of counsel. It may well be, for example, that Attorney Elbert failed to investigate and call available defense witnesses. Trial Court Opinion at 10. However, there is absolutely no evidence of this on the record before us. Appellee may have a valid claim in this regard that he could develop through a post-conviction hearing, but if the trial court is

permitted to force the claim on an unsuspecting and unprepared Appellee, the trial court has acted to deprive him of this opportunity.

For the foregoing reasons, we hold that the trial court clearly erred when it acted *sua sponte* to convert Appellee's weight of the evidence claim into an ineffective assistance of counsel claim. As we reverse the trial court's order on procedural grounds, we need not, and will not, address the merits of the ineffectiveness claim. As Appellee did not advance the ineffectiveness claim, and we have not ruled on its merits, Appellee is free to pursue his ineffectiveness claim through the PCRA.

Order reversed. Judgment of Sentence reinstated. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2017